Bissell,. J.,
after stating the case, delivered the opinion of the court.
The rights of these parties .are to be ascertained and settled. by the terms of.the contract entered into between Mark Bice the appellant and Benoni S. Greathouse, and the course of dealing between the. several parties and Hover & Com.pany, the appellees. , It. would not profit the profession to set.out the contract, for it is not within the range of probabilities that , any .similar instrument will be submitted to the courts for construction and adjudication during .the probable continuance of. the legal profession. It will he deemed enough to state generally .the conclusions at which the c.ourt *174 has arrived concerning its proper interpretation. It consists of fifteen paragraphs. Some of them- taken alone would •seem to make the contract one of sale of a stock of goods and 'the transfer of the rights of Doctor Bice in the premises; eliminating these provisions and considering others alone, and it contains many of the elements of contract of lease; the remaining provisions very clearly establish the contract to be one of a hiring. As a whole it can scarcely be said to permit an interpretation which shall adjudge the agreement to be one of sale. The title to the drugs, to the fixtures, and whatever was connected with the store did not pass absolutely to Greathouse, but remained the property of Doctor Bice, and at the end of a year could be re-transferred to him, or turned over into his possession, and to the extent to which they were then in esse would fully satisfy Greathouse’s promise in regard to them. ■ Evidently this circumstance very conclusively demonstrates that in no proper and legal sense was there a sale of-the property. It is likewise plain that it lacked many of the elements that are always to be found in a contract of lease. While the term appeared to be certain, and for a year, in fact it-was only at the will of Doctor'Bice, and subject to a performance of all the conditions with reference to the conduct of the business by Greathouse; there was no specific rent reserved, nor can it be ascertained from 'the terms of the contract whether Bice was in reality the landlord leasing to Greathouse, or whether Bice himself was a tenant who sought to sublet the property and whatever leasehold rights may have been attached to it to the subtenant Greathouse. In many other ways, were it necessary, it could be demonstrated that the agreement lacked many things ordinarily found in a lease and essential to the creátipn of such an interest. When these- difficulties are considered and resort is had to two'other provisions contained 'in the contract, it becomes evident that the. only legitimate construction to be put upon the convention is that: which determines it to be' a contract of hiring. The first paragraph provides that- Greathouse shall work and operate to the best *175 of his ability the store referred to;' the 11th paragraph compels him to surrender possession whenever he shall contract debts in the purchase of goods beyond a specific sum, and also whenever he is found incapable from any cause to carry on the business without injury to it; by the 14th paragraph they agree that Greathouse shall receive as a salary for doing the work incident to the management of the business a sum co-equal with the profits, less certain deductions which were specifically provided for. It is our conclusion then, that the contract in reality was one whereby Doctor Bice turned over the business to Greathouse, who was to run it in the interest of the doctor, at a definite wage which would be determined by the success or failure of the enterprise. If this be true, the business remained the doctor’s, and he would be liable. for whatever indebtedness might be incurred in the purchase of goods, and in its general transactions, unless he relieved himself from that liability by a definite notice to the persons with whom the store commonly dealt, or in some way known to the law, such information was brought home to the vendors of the goods as would render it inequitable for them to hold the doctor liable for what they sold. The whole history of the transaction negatives any such conclusion. For upwards of a 3-ear prior to the time Greathouse was put in possession, the store had been run, either by the doctor himself, or under the name of Watson & Company, and during all this time he held himself out as personally responsible for whatever supplies the store might procure, and he paid the bills as they accrued and matured. During this time he had been dealing with the appellees, Hover & Company, and bujúng and paying for the goods furnished by them. When Greathouse went into possession he continued purchasing goods for the store, which was thereafter run in the name of the O. K. Drugstore, in place of Watson & Company which had been the previous form of its title. There is some controversy as to what information was given to Hover & Company, and whether they received notice that Greathouse was .to be solely responsible for his purchases. Whatever might *176 be our conclusion upon the record as to what the facts were, the verdict of the jury in favor of the appellees clearly settles all these controverted questions of fact against the appellant Bice. Under our well settled rule we cannot interfere with that finding and verdict, so long as it rests upon conflicting testimony which would warrant the jury to reach the conclusion. Without the aid of the rule, we should be disinclined to interfere, since it seems to be in full accord with the fair preponderance of the testimony. According to the contract and its fair legal result, the goods were really purchased by Greathouse as agent of Doctor Bice. The attempt to change the condition of affairs, and to relieve Bice from the responsibility for subsequent purchases, was not successful, and he must be held liable both because of the legal agency and by reason of the course of the dealing antecedently had between the parties, and because the circumstances of the subsequent transactions were such as to warrant Hover & Company in assuming and believing that Greathouse was Bice’s agent. As to them he was held out as such; they relied upon the responsibility of the supposed principal, who did nothing to relieve himself from liability, and he cannot complain when he is called on to pay for the goods.
The appellant insists that the case should be reversed because of the inaccuracy of some of the instructions given by the court. To demonstrate the incorrectness of this contention would render it necessary to set out the instructions in detail and review the entire evidence in the case. It is not deemed expedient to go to this extent; it is enough to state the conclusions of the court concerning the matters complained of. It might possibly be true that the instructions would be the subject of legitimate criticism if the hypothesis assumed by counsel, that the contract between Greathouse and Bice was one of lease was conceded. It will be observed that the court has already construed that contract to be one of employment. Under these circumstances, what the court said with reference to the change of posses *177 sion in the property, the course of dealing between the parties, and the action which ought to have been taken by Bicein notifying Hover & Company of the change, accurately expressed the law applicable to this controversy. This is likewise true of the instruction which told the jury what Hover & Company’s duty was as to the inquiries which they ought to have made. Taking the instructions together, they put the case fairly before the jury and could not have misled them as to any legal propositions on which they were entitled to legal information from the court. This disposes of these assignments of error, without reference to the attempt to save the exception in the record. Wherever an exception is necessary, and it appears as an addition to the bill prepared by the officers of the court, it ought not to be by a pencil insertion as in this case, for it is too liable to erasure, change and destruction. The form should be permanent, and without the possibility -of alteration.
The record presents no errors which will permit this court to disturb the judgment, and it will accordingly be affirmed.

Affirmed.